IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick Taevon Williams, ) | C/A No.:1:25-cv-03988-CMC-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| Warden of Kirkland Correctional ) | |
| Institution,[1] ) | |
| ) | |
| Respondent. ) | |
| ) | |

Patrick Taevon Williams ("Petitioner"), an inmate incarcerated in Kirkland Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without requiring respondent to file an answer.

---

[1] A prisoner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Therefore, the Clerk of Court is directed to terminate the listed respondents in this action, and to add the Warden of Kirkland Correctional Institution as the sole respondent in this case.

I.  Factual and Procedural Background

Petitioner filed his petition seeking habeas relief from a sentence imposed in Lexington County on April 9, 2025, for "Drugs, Trafficking, weapons unlawful carrying, weapons poss during a violent crime." [ECF No. 8]. Petitioner alleges he filed a direct appeal, but it was returned because it was filed in the wrong court. [ECF No. 8 at 2]. He does not list any further challenges to his conviction.

II. Discussion

A.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se

pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." *See also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490–91 (1973) (noting that exhaustion is required under § 2241). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Lawson v. Dixon*, 3 F.3d 743, 749–50 n.4 (4th Cir. 1993). In *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), the Fourth Circuit Court of Appeals held:

> [A] federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . . To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.

*Id.* at 911 (citations omitted), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011).

Petitioner fails to allege he has exhausted his state law remedies, including filing an application for post-conviction relief ("PCR"), with respect to each of his habeas claims. If a direct appeal was filed and is ultimately unsuccessful (or if no direct appeal was filed), a petitioner may file a PCR application in a court of common pleas. *See* S.C. Code § 17-27-10, *et seq.* (1976); *see also Miller v. Harvey*, 566 F.2d 879, 880–81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy). If a petitioner's PCR application is denied by a court of common pleas, the petitioner must seek appellate review in the state courts or federal collateral review of the grounds raised in his PCR application may be barred by a procedural default. *See Longworth v. Ozmint*, 377 F.3d 437, 447–48 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the state's established appellate review process by presenting the ground for relief in a face-up and square fashion).

First, though Petitioner stated he filed a direct appeal in the wrong court, he may still be trying to file a direct appeal in an appropriate court. Additionally, Petitioner did not list any PCR action, and as a practical matter could not have completed his post-conviction remedies in the brief time since he was sentenced. His habeas action is therefore subject to summary dismissal. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); *see also Pitchess v. Davis*, 421 U.S. 482, 490 (1975).

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court dismiss this petition without prejudice and without requiring respondent to file a return.

IT IS SO RECOMMENDED.

June 17, 2025  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).