IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Patrick Taevon Williams, Petitioner, v. Warden of Kirkland Correctional Institution, Respondent. | C/A No. 1:25-3988-CMC **Order** |

This matter is before the court on Petitioner's *pro se* petition. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges, for pre-trial proceedings and a Report and Recommendation ("Report").

On June 17, 2025, the Magistrate Judge issued a Report recommending this matter be dismissed for failure to exhaust state remedies. ECF No. 13. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has not filed objections, but did file a "notice of firing counsel." ECF No. 17.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's filing "serve[s] notice" that he fired his counsel, Willie Brunson, who seemingly represented him in his state criminal matter. ECF No. 17. He asserts Brunson failed to develop a strategy to maintain Plaintiff's right to remain innocent until proven guilty and acted outside Plaintiff's interest in signing and accepting a plea agreement to which Plaintiff did not consent. Id. at 1. He requests the court "grant the request of choice of counsel." *Id.* at 3.

Plaintiff's filing does not appear to be properly directed to this court, as he has no criminal matter pending here and no counsel appointed. Regardless, nothing in Plaintiff's filing changes the Magistrate Judge's reasoning and conclusion that he has not exhausted state remedies and therefore this Petition must be dismissed for failure to exhaust.

After reviewing the record, the applicable law, and the Report of the Magistrate Judge, the court agrees with the Report. Accordingly, the court adopts and incorporates the Report and Recommendation by reference into this Order. This matter is dismissed without prejudice for failure to exhaust state remedies.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED**.

                                                                                           s/Cameron McGowan Currie
                                                                                           CAMERON MCGOWAN CURRIE
                                                                                          Senior United States District Judge

Columbia, South Carolina
July 15, 2025